IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-01357-MEH

FALGUN PATHAK,

      Plaintiff,

v.

FEDEX TRADE NETWORKS T AND B INC,

      Defendant.

---

## ORDER ON MOTION TO AMEND

---

**Michael E. Hegarty, United States Magistrate Judge**.

Plaintiff Falgun Pathak seeks to file a second amended complaint, which adds a claim for outrageous conduct, makes his request for a jury trial explicit, and corrects minor typographical errors. The Court finds that Mr. Pathak does not demonstrate good cause to extend the deadline for amendment of pleadings under Federal Rule of Civil Procedure 16(b). However, because Defendant FedEx Trade Networks does not oppose Mr. Pathak's request to make a jury trial explicit and to correct typographical errors, the Court will permit Mr. Pathak to file an amended complaint outside of the deadline set in the Scheduling Order solely for these purposes. Accordingly, the Court grants in part and denies in part Mr. Pathak's Motion for Leave to Amend Complaint.

## BACKGROUND

Proceeding pro se, Mr. Pathak filed his Complaint in this case on June 6, 2016. Compl., ECF No. 1. Mr. Pathak's claims arise from his employment with FedEx in various customer service positions. *Id.* at 4. Generally, Mr. Pathak alleges FedEx discriminated against him because of his age, race, and national origin. *See id.* at 4–26.

The Court entered a Scheduling Order on December 5, 2016. ECF No. 43. The Scheduling Order stated that the deadline for joinder of parties and amendment of pleadings had passed. *Id.* at 18. Additionally, the order set June 2, 2017 as the discovery cutoff. *Id.* The Court later extended the discovery cutoff to September 4, 2017. ECF No. 57.

The Court granted Mr. Pathak's motion for appointment of counsel, and on June 1, 2017, pro bono counsel entered their appearances. ECF Nos. 58–60. On June 9, 2017, Mr. Pathak filed an unopposed motion to amend complaint, which the Court granted. ECF No. 66. Mr. Pathak's First Amended Complaint asserts nine claims for relief: (1) discrimination on the basis of race and national origin in violation of Title VII; (2) retaliation in violation of Title VII; (3) race discrimination in violation of 42 U.S.C. § 1981; (4) retaliation in violation of 42 U.S.C. § 1981; (5) discrimination and failure to accommodate in violation of the Americans With Disabilities Act; (6) retaliation in violation of the Americans With Disabilities Act; (7) discrimination in violation of the Age Discrimination in Employment Act; (8) discrimination under the Family Medical Leave Act; and (9) wrongful discharge. Am. Compl. ¶¶ 94–163, ECF No. 67.

On June 20, 2017, the Court modified the Scheduling Order at the request of the parties. ECF No. 73. The Court set December 15, 2017 as the discovery cutoff and January 31, 2018 as the dispositive motions deadline. *Id.* The parties then continued with discovery.

On November 8, 2017, Mr. Pathak filed the present Motion for Leave to Amend Complaint, ECF No. 81. Mr. Pathak seeks to add a claim for outrageous conduct, make his request for a jury trial explicit, and correct minor typographical errors. *Id.* at 3–8. According to Mr. Pathak, the Court should permit the amendment, because other courts have granted leave to amend much later into the litigation than the current case, the amendment will not cause FedEx to suffer prejudice, and the amendment is not futile. *Id.* Defendant contends Mr. Pathak cannot satisfy Federal Rules of Civil

Procedure 15(a) or 16(b). Resp. to Mot. to Amend, ECF No. 82. In reply, Mr. Pathak contends he

has shown good cause for the amendment, because the nature of the outrageous conduct claim came

to light through recently conducted discovery. Reply in Supp. of Mot. to Amend 2, ECF No. 84.

## ANALYSIS

The present motion implicates Federal Rules of Civil Procedure 15 and 16. The motion to

amend must comply with the requirements of Rule 15(a) for amendment of pleadings. Additionally,

granting Mr. Pathak's motion would necessitate an amendment of the Scheduling Order under Rule

16(b)(4). The deadline for amendment of pleadings initially passed before the Court issued a

Scheduling Order. *See* ECF No. 43, at 18. When the Court permitted Mr. Pathak to file an amended

complaint on June 12, 2017, it extended the deadline for amendment of pleadings to that date.

Although the parties subsequently moved to modify other deadlines in this case, neither party

requested an extension of the deadline for amendment of pleadings. Therefore, because Mr. Pathak

filed the present motion after the deadline for amendment of pleadings, he must demonstrate good

cause for modifying the Scheduling Order pursuant to Rule 16(b)(4). *Gorsuch, Ltd. v. Wells Fargo*

*Nat'l Bank Assn.*, 771 F.3d 1230, 1241 (10th Cir. 2014) ("We now hold that parties seeking to

amend their complaints after a scheduling order deadline must establish good cause for doing so.").

If the motion "fail[s] to satisfy either factor—(1) good cause or (2) Rule 15(a)—the district

court [may] deny[] [the] motion for leave to amend." *Id.* Here, the Court finds Mr. Pathak fails to

demonstrate good cause to amend the Scheduling Order pursuant to Rule 16(b)(4). Accordingly,

the Court need not address whether Mr. Pathak satisfies Rule 15(a).

To show good cause under Rule 16(b)(4), a plaintiff "must provide an adequate explanation

for any delay" in meeting the Scheduling Order's deadline. *Minter v. Prime Equip. Co.*, 451 F.3d

1196, 1205 n.4 (10th Cir. 2006). If the plaintiff "knew of the underlying conduct but simply failed

to raise [the] claims," good cause does not exist. *Gorsuch*, 771 F.3d at 1240. "Rule 16 erects a more stringent standard [than Rule 15(a)], requiring some persuasive reason as to why the amendment could not have been effected within the time frame established by the court." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). However, rigid adherence to the Scheduling Order is not advisable. *Sil-Flo, Inc. v. SHFC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990). A failure to seek amendment within the deadline may be excused due to oversight, inadvertence, or excusable neglect. *Id.* Additionally, "[t]he fact that a party first learns through discovery of information which may lead to amendment of deadlines set forth in the Scheduling Order constitutes good cause . . . ." *Riggs v. Johnson*, No. 09-cv-01226-WYD-KLM, 2010 WL 1957110, at *3 (D. Colo. Apr. 27, 2010), *adopted by* 2010 WL 1957099 (D. Colo. May 17, 2010).

Mr. Pathak's only explanation for failing to meet the deadline is that "the outrageousness of Defendant's conduct towards Mr. Pathak reflects the totality of the circumstances, which only fully came to light during discovery that occurred *after* the filing of the first Complaint drafted by counsel." Reply in Supp. of Mot. to Amend 2, ECF No. 84. However, Mr. Pathak does not specify what new information he discovered that gives rise to his outrageous conduct claim. Mr. Pathak's conclusory allegation that he learned new information about the totality of the circumstances is insufficient to demonstrate good cause. *See generally Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1248 (10th Cir. 2015) (finding that the district court did not err in denying leave to amend, in part because, the plaintiff's statements were "in most cases vague, confusing, conclusory, and unsupported by record evidence"); *see also Butler Nat'l Serv. Corp. v. Navegante Grp., Inc.*, No. 09-2466-JWL-DJW, 2011 WL 941017, at *2–3 (D. Kan. Mar. 16, 2011) (finding that the plaintiff failed to establish good cause to amend the scheduling order, because the plaintiff "d[id] not point to a single, specific piece of information supporting its proposed fraud claim that [the plaintiff]

obtained through discovery conducted after the deadline for amending pleadings. Instead, [the plaintiff] ma[de] general statements that it learned additional information through discovery which now allows it to 'connect the dots'").

Moreover, the Court's review of Mr. Pathak's proposed amended complaint does not reveal any facts that Mr. Pathak learned through recent discovery. Indeed, Mr. Pathak pleaded the facts supporting his outrageous conduct claim in the operative complaint. Mr. Pathak alleges his supervisors at FedEx required him to attend a closed-door meeting in December 2014 that was identical to a prior meeting that caused him to suffer serious health issues. Proposed Second Am. Compl. ¶ 165, ECF No. 81-1. In the operative First Amended Complaint, Mr. Pathak asserts he was required to attend a closed-door meeting with his supervisors in December 2014, which caused him to suffer acute symptoms of anxiety and fear. Am. Compl. ¶¶ 77, 83, ECF No. 67.

The arguments in Mr. Pathak's reply brief further demonstrate that Mr. Pathak has not learned new information supporting his outrageous conduct claim. Mr. Pathak cites to paragraphs seventy-two through ninety of his proposed second amended complaint to argue that he asserts an outrageous conduct claim. Reply in Supp. of Mot. to Amend 6–8. A review of the redline version of Mr. Pathak's proposed second amended complaint reveals that the substantive allegations in paragraphs seventy-two through ninety remained almost entirely unchanged. *See* ECF No. 81-2, at 12–15. Accordingly, neither the proposed amended complaint nor Mr. Pathak's briefing identify any information learned in discovery that would provide good cause for an amendment of the Scheduling Order. Because Mr. Pathak "knew of the underlying conduct but simply failed to raise [the] claims," good cause does not exist.[1] *Gorsuch*, 771 F.3d at 1240.

_____

[1] Although the Court need not reach Rule 15(a), Mr. Pathak's knowledge of the underlying conduct would also be sufficient to deny Mr. Pathak's motion pursuant to Rule 15(a). *See Las Vegas Ice & Cold Storage Co. V. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (stating that an

Mr. Pathak makes much of the fact that he filed the motion "well in advance of the discovery cutoff." Mot. to Amend 3, ECF No. 81; Reply in Supp. of Mot. to Amend 3. As an initial matter, the Court does not find that filing a motion one month prior to the close of discovery is "well in advance" of the cutoff. Furthermore, filing a motion to amend in advance of the discovery cutoff, without more, does not provide good cause for an amendment of the scheduling order. As such, Mr. Pathak has not demonstrated good cause.

### CONCLUSION

In sum, the Court holds Mr. Pathak has failed to show that an amendment of the Scheduling Order is proper under Rule 16(b)(4). Mr. Pathak's conclusory allegation as to information he learned during discovery is not sufficient to satisfy the good cause requirement. Because Mr. Pathak fails to meet Rule 16(b), the Court need not address whether Mr. Pathak satisfies Rule 15(a). However, in the interests of justice and because FedEx does not oppose an amended complaint to request a jury trial and to correct typographical errors, Mr. Pathak may file such an amendment on or before January 19, 2018. Accordingly, Mr. Pathak's Motion for Leave to Amend Complaint [filed November 8, 2017; ECF No. 81] is **granted in part and denied in part.**

Entered and dated at Denver, Colorado, this 11th day of January, 2018.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

amendment is untimely when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint"); *see also Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005) (stating that untimeliness alone is a sufficient basis for denying a party leave to amend).